**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

DALBIR LNU,

Petitioner,

v.

WARDEN, Adelanto ICE Processing Center, *et al*.,

Respondents.

Case No. 5:26-cv-06124-JGB-RAO

ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS

On October 16, 2026, Petitioner Dalbir LNU (A#226-113-132), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement (ICE) Facility and represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner seeks his immediate release on the grounds that ICE violated his constitutional due process and statutory rights by unlawfully detaining him without first providing adequate pre-detention notice and process.

On October 16, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. Dkt. No. 4. To date, Respondents have not filed an answer or otherwise communicated with the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately under the same conditions he was subject to before his current detention.

Petitioner is a citizen of India who was encountered by immigration authorities on or about July 12, 2024, and was subsequently released on his own recognizance. After being served a Notice to Appear, Petitioner filed an application for asylum and withholding of removal, which remains pending. While traveling to work on August 17, 2026, Petitioner was stopped by immigration authorities and asked to provide immigration documentation. Thereafter, he was taken into custody and moved to Adelanto ICE Processing Center where he remains.

Petitioner has no criminal history and has maintained A stable employment history. He has developed meaningful ties to his community through employment, religious participation, and relationships with friends and coworkers.

Petitioner has a protected due process interest in being released, as he has lived in this country for more than two years building a life. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties). Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, he has complied with the terms of his release, and poses no apparent risk of flight or danger to the community. Considering these circumstances and Respondents' non-opposition, the Court concludes Petitioner's immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Dalbir LNU (A#226-113-132) from immigration custody immediately. It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to his current detention. Respondents shall file a "Notice of Release" within two days of the entry of this Order. Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

DATED: November 4, 2026

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE